UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**ALEXANDER A. ISTOMIN, aka Alexander Istomin MD, Eugene Istomin,**<br><br>　　　　**Defendant.** | Cr. No. CR 21-076-JJM |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, ALEXANDER A. ISTOMIN, have reached the following agreement:

1. Defendant's Obligations.

　　a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of an eleven-count Information which charges defendant with health care fraud, in violation of 18 U.S.C. § 1347, mail fraud, in violation of 18 U.S.C. § 1343, and 18 U.S.C. § 1028A, aggravated identity theft, 21 U.S.C. §§ 331(k) and 331(a)(2), causing the introduction of misbranded drugs into interstate commerce. Defendant agrees that Defendant will plead guilty to said Information. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

　　b. Defendant agrees to waive before this Court, on appeal and in any subsequent collateral filings, any challenge to venue in the District of Rhode Island over Count 10 of the Information, the misbranding count, and expressly agrees to venue in the District of Rhode Island to resolve the allegations underlying Count 10.

　　c. Defendant will promptly submit a completed Department of Justice

Financial Statement to the U.S. Attorney's Office, in a form that the U.S. Attorney's Office provides and as it directs. Defendant agrees that his/her financial statement and disclosures will be complete, accurate, and truthful and acknowledges that defendant knows that making a false statement in the Financial Statement could subject him/her to prosecution under 18 U.S.C. § 1001. Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him/her in order to evaluate Defendant's ability to satisfy any financial obligation that may be imposed by the Court.

       d.      Defendant further agrees to identify all assets over which Defendant exercises or exercised control, directly or indirectly, within the past three years, or in which Defendant has or had during that time any financial interest. Defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by Defendant. Defendant agrees to provide and/or consent to the release of Defendant's tax returns for the previous five years. Defendant agrees to forfeit to the United States all of Defendant's interests in any asset of a value of more than $1000 that, within the last three years, Defendant owned, or in which Defendant maintained an interest, the ownership of which Defendant fails to disclose to the United States in accordance with this agreement.

       e.      Pursuant to 18 U.S.C. § 982(a)(7) and based on Defendant's commission of health care fraud, as charged in Count 1 of the Information, Defendant agrees to forfeit $ 4,379,158.98, the sum of money equal to the total volume of forfeitable assets (*i.e.* the sum total of the proceeds of his health care fraud).

       (i)      Defendant further agrees that a money judgment forfeiture in that amount shall become a part of the judgment at sentencing; and agrees that the United States shall be entitled to pursue the seizure and forfeiture of any and all substitute assets to satisfy the money

judgment forfeiture, pursuant to 21 U.S.C. § 853(p) (as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c)) and Fed. R. Crim. P. 32.2(e).

    (ii) Defendant consents to the entry of an order of forfeiture for the above-specified money judgment amount and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) concerning notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him/her of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his/her guilty plea is accepted.

    (iii) Defendant agrees and consents to forfeiture of his interest in the following items of property as substitute assets and in partial satisfaction of the money judgment amount:

    A. $43,911.11 in funds from bank account No. XXXX2586 in the name of Alexander Eugene Istomin, MD at Citibank, Providence, Rhode Island seized by the FBI on August 11, 2021,

    B. $863.72 in funds from bank account No. XXXX2029 in the name of Alexander Eugene Istomin at Webster Bank, Boston, Massachusetts seized by the FBI on August 11, 2021,

    C. $2,971.48 in funds from bank account No. XXXXXX9433 in the name of Alexander Eugene Istomin at Regions Bank,

Birmingham, Alabama seized by the FBI on August 11, 2021,

D. $2,316.30 in funds from bank account No. XXXX7027 in the name of Alexander Eugene Istomin at Regions Bank, Birmingham, Alabama seized by the FBI on August 11, 2021,

E. $1,567.08 in funds from bank account No. XXXX4148 in the name of Alexander Eugene Istomin at Regions Bank, Birmingham, Alabama seized by the FBI on August 11, 2021,

F. $1,589.57 in funds from bank account No. XXXX5986 in the name of DBA Alexander E. Istomin MD at Bank of America, Boston, Massachusetts seized by the FBI on August 11, 2021.

G. $635.91 in funds from bank account No. XXXX0293 in the name of New York Medical Center LLC at Bank of America, Boston, Massachusetts seized by the FBI on August 1, 2021.

H. $1,947.74 in funds from bank account No. XXXX1753 in the name of Alexander Eugene Istomin at Amerasia Bank, Flushing, New York seized by the FBI on August 11, 2021.

  I. $350.78 in funds from bank account No. XXXX0095 in the name of NY Medical Center at Amerasia Bank, Flushing, NY seized by the FBI on August 11, 2021.

  J. a 2013 BMW X1 SUV (VIN WBAVM5C55DVV90748) seized by the FBI on August 11, 2021 in Fort Lauderdale, Florida or any associated substitute res resulting from interlocutory sale,

  K.. a 2015 Audi Q5 SUV (VIN WA1LFAFP9FA038457) seized by the FBI on August 11, 2021 in Fort Lauderdale, Florida and any associated substitute res resulting from interlocutory sale, and

  L. a 2017 Porsche Macan Wagon (VIN WP1AG2A58HLB52140) seized by the FBI on August 11, 2021 in Fort Lauderdale, Florida and any associated substitute res resulting from interlocutory sale.

 (iv) As the United States obtains title or ownerships of substitute assets, the value of the asset will be subtracted from the amount owed under the money judgement. For assets that the United States sells to third parties, such as vehicles, the value will be equal to the net sale amount, which is the sum obtained at sale less fees (including storage fees) and costs associated with the maintenance or sale of the asset, and that net sale amount will be subtracted from the amount owed under the money judgment.

 (v) Defendant warrants that Defendant is the sole owner of each of the assets specified above; agrees to hold the United States, its agents, and its employees harmless

from any claims whatsoever in connection with the seizure or forfeiture of these assets; and agrees to take all steps as requested by the United States to pass clear title of these assets to the United States, including removal of any claims filed in administrative forfeiture proceedings in Defendant's name or on his behalf.

    2.      Government's Obligations. In exchange for Defendant's plea of guilty:

        a.      The government will recommend that the Court impose a term of imprisonment within the range of sentences for the offense level determined by the Court but not including probation or a "split-sentence," even if permitted under the guidelines.

        b.      For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § E1.1(a) of the guidelines if defendant continues to demonstrate acceptance of responsibility through sentencing.

        c.      As of the date of this agreement, defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. §3E1.1(b), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

        d.      The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

        e.      At the time of sentencing, the Government will dismiss the Indictment in Case No. 21-076.

    3.      Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the

guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The parties agree that:

   a. The loss amount for Count 1 pursuant to Sentencing Guideline §2B1.1(b)(1)(J) is at least $4,379,158.98.

   b. The number of victims with respect to Count 1 is 9.

Both the United States and defendant reserve their rights to argue and present evidence on all remaining matters affecting the guidelines calculation.

5. The maximum statutory penalties for the offense to which Defendant is pleading are:

**Count 1 (health care fraud)**

A term of imprisonment of not more than 10 years, a fine of up to $250,000, a term of supervised release of 3 years, and a mandatory special assessment of $100.

**Counts 2-9 (mail fraud)**

A term of imprisonment of not more than 20 years, a fine of up to $250,000, a term of supervised release of 3 years, and a mandatory special assessment of $100.

**Count 10 (aggravated identity theft)**

Mandatory two-year consecutive term of imprisonment, a fine of up to $250,000, a term of supervised release of 1 year, and a mandatory special assessment of $100.

**Count 11 (misbranding)**

A term of imprisonment of not more than 3 years, a fine of up to $10,000, a term of supervised release of 1 year, and a mandatory special assessment of $100.

Thus, if the Court were to impose consecutive sentences, the maximum penalties to which the defendant could be sentenced are: 195 years imprisonment, a fine of $2,520,000, a term of supervised release of 3 years, and a mandatory special assessment of $1,100.

6. Defendant agrees that, after defendant and defendant's counsel sign this plea agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

7. Defendant is advised and understands that:

    a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that defendant gives under oath;

    b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

    c. Defendant has the right to a jury trial;

    d. Defendant has the right to be represented by counsel and if necessary have the Court appoint counsel at trial and every other stage of the proceeding;

    e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

    f. Defendant waives these trial rights if the Court accepts a plea of guilty.

8. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by defendant, and to answer any questions asked by the Court.

9. Except for paragraph 2 and paragraph 4 above, the parties have made no agreement concerning the application of the guidelines in this case.

10. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than defendant expects, defendant will not be allowed to withdraw defendant's pleas of guilty.

11. Defendant hereby waives defendant's right to appeal the convictions and sentences imposed by the Court, if the sentences imposed by the Court are within or below the sentencing guideline range determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

12. This agreement is binding on the government only if defendant pleads guilty, fulfills all defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make

any recommendations that it deems appropriate. If that occurs, defendant shall not have the right to withdraw defendant's guilty plea.

13. This agreement binds the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

14. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

15. Counsel for defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to defendant, and states that to the best of Counsel's knowledge and belief, defendant understands the agreement.

16. Defendant states that defendant has read the agreement or has had it read to defendant, has discussed it with defendant's Counsel, understands it, and agrees to its provisions.

*Alexander Istomin*       09/8/2022
ALEXANDER A. ISTOMIN      Date
Defendant

*/s/*      9/8/2022
ARTHUR GERSHFELD      Date
Counsel for Defendant

*/s/*      09/13/2022
LEE H. VILKER      Date
Assistant U.S. Attorney
Deputy Chief, Criminal Division

DULCE DONOVAN  09/13/2022
Assistant U.S. Attorney  Date